**Jay C. HART, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16945.**

Court of Criminal Appeals of Oklahoma.

Feb. 3, 1972.

Jack Bliss, Tahlequah, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Crowe, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Jay C. Hart, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Cherokee County, Oklahoma for the offense of Larceny from a Building; his punishment was fixed at three (3) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Billy Con Tyer testified that on September 5, 1970, he was the operator of a service station in Tahlequah. The defendant came to the station and inquired about a tire which he had left two or three days earlier to be repaired. Tyer, at the defendant's request, put the tire on the defendant's automobile, a 1946 or 1947, black Chevrolet. They went into the service station, and the defendant paid Tyer One Dollar for the tire service. Tyer removed a key, which was hidden under the gum machine, and opened the cash register, placing the dollar in the register. He locked the cash register, and returned the key to its hiding place. As they were leaving the station, another car drove in for the purpose of having a tire repaired; the defendant started to leave, and then returned and inquired of Tyer if he had any drinking water. They re-entered the station, and Tyer gave the defendant a glass of ice water. Defendant sat down in a chair in the station to drink the water, and Tyer went outside to repair the tire on the other car. Shortly thereafter, the defendant came out of the station and left rather hurriedly, stating that he would pick up the other tire in a couple of days. After completing the repair work on the second car, Tyer re-entered the service station and observed the key lying on the counter; the cash register was unlocked, and all of the bills and checks were missing. He immediately called the police. Nobody else, other than the defendant and Tyer, had been in the service station office during this period of time.

Trooper Don Fields, a highway patrolman, testified that on the day in question he received a report on his radio concerning a black, 1946 Chevrolet. As he received the report, he observed a car matching that description traveling east on Allen Road. The trooper turned around and followed the car until it stopped at the Anderson Bait Shop. He dismounted from his unit, walked up to the car, and observed that the defendant was driving the car which also contained Carloss Walters. He asked the defendant to produce some identification, and also informed him that the Chief of Police wanted to talk with him, and that the Chief would be there in a few minutes. Approximately three minutes later, Chief Bolding arrived and took the defendant and Carloss back to the police station. Trooper Fields testified that he did not place the defendant nor Carloss Walters under arrest, although he subsequently filed a charge against the defendant for improper display of license tag.

Gene Bolding testified that he was the Chief of Police in Tahlequah, and that on the fifth day of September, 1970, he had a report of a "till-tapping" at the Champlin Station, and the description of a car. He proceeded to the Anderson Bait Shop, and found Mr. Hart, and his daughter, Carloss Walters, with Trooper Fields. He asked the defendant and his daughter to accompany him to the police station to which they voluntarily agreed. Upon arrival at

the police station, the defendant's daughter, Carloss Walters, took $86.00 from her purse, and handed it to Chief Bolding. After receiving the money from the daughter, he placed the defendant under arrest.

Carloss Walters testified that she was eighteen years old, and the daughter of the defendant. On the afternoon in question, the defendant picked her up in Tahlequah, and they drove around for a short while. As they were driving down Allen Road, the defendant handed her some money, which she put in her purse. She subsequently gave the money which the defendant had given her to Chief Bolding. On cross examination, she testified that the defendant had sold a car some two weeks prior, and that he gave her the money to pay their rent and utilities. She turned the money to the Chief of Police after she had been told that if she did not, she would get into trouble.

Sharon Secratt testified that she and her husband owned the service station, and that the only person who had permission to open the cash register was Billy Tyer.

The first proposition asserts that the defendant was illegally arrested, and that the money taken from Carloss Walters was obtained by reason of an illegal search and seizure. We do not deem it appropriate to discuss in this opinion the question as to when the defendant was, in fact, arrested. In Harrison v. State, Okl.Cr., 461 P.2d 1007, we stated:

"The fact that an original arrest may have been unlawful does not affect the jurisdiction of the court, nor is it a ground for quashing the information. And it does not preclude trial of the accused for the offense."

■ We next observe that the defendant does not have standing to object to the alleged search of Carloss Walters. She testified in chief that the defendant gave her certain money, and that she subsequently turned the money to the Chief of Police at the police station. The money was offered into evidence, which offer was taken under advisement because of the defendant's objection to the chain of custody and the proper identification. The State made no further attempt to re-offer the exhibit. We, therefore, find this proposition to be without merit.

■ The final proposition contends that the court erred in allowing a juror to leave the jury room for the purpose of making a phone call, leaving the other eleven jurors in the room to continue their deliberation. The Record reflects the following transpired:

"THE COURT: All right. Let the record show that Mr. Jack Bliss, who represents the defendant is present and that the defendant is present and that the District Attorney, the Assistant District Attorney, Mr. Lynn Burris is here representing the State and one of the Jurors—give me your name please.

"MR. THOWUENL: Russell Thowuenl.

"THE COURT: Mr. Russell Thowuenl is present and desires to ask permission of the Court for something. What is it?

"MR. THOWUENL: Well, I need somebody to pick up my little boy at the Sequoyah School and I need to call my wife.

"MR. BURRIS: That would be just fine with us.

"THE COURT: As I understand, you want to call her?

"MR. THOWUENL: Yes, sir.

"THE COURT: Or have it done?

"MR. THOWUENL: Yes, sir.

"MR. BURRIS: Let him use the phone in there.

"A BAILIFF: There's no phone in there.

"MR. BLISS: All right. *That's all right with us.* (Whereupon the Juror, Russell Thowuenl left the Jury Room with a Bailiff and subsequently returned to the door of said Jury Room with said Bailiff.) (Tr. 145) (Emphasis Added)

Although this proposition is improperly before this Court, in that the defendant did

not cite authorities, we need only to observe that the defendant now complains of a situation to which he formerly consented. In the absence of a showing of resulting prejudice, we are of the opinion that the defendant should not now be permitted to complain. Judgment and sentence is, accordingly, affirmed.

BRETT, J., concurs in results.

SIMMS, J., concurs.